IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JUN 30 P 3: 14

| | |
|---|---|
| RONALD MACK<br>    Petitioner, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES,<br>    Respondent | : |

Civ. No. 2:05-cv-1612

### PETITIONER TRAVERSE

Petitioner Ronald Mack, <u>pro se</u>, and hereby respectfully replies to the United States "letter brief" in opposition to his motion to vacate, set aside or correct sentence under §2255. To the extent that the government's letter brief reflects assertions contrary to those contained in the petitioner's §2255 motion, the petitioner hereby denies those assertions.

### DISCUSSION

### REPLY TO GOVT'S POINT I.

THE PETITIONER IS ENTITLED TO RELIEF UNDER
UNITED STATES V. BOOKER, 543 U.S.___(2005)
BECAUSE HE RAISED A BOOKER ARGUMENT ON
DIRECT APPEAL

The government argues that Booker is not retroactively applicable in a §2255 proceeding. (Govt's letter br. at Point I.). The government has misperceived the nature of the petitioner's claim.  In <u>United States v. Davis</u>, 417 U.S. 333 (1974), the Supremem Court held that a prisoner who unsuccessfully raises a claim on direct appeal may re-litigate that claim in a §2255 proceeding where there has been an intervening change in the law. At page 65 of the brief for appellant Ronald Mack, appellate counsel argued that all of the guideline

adjustments should have been determined by the jury, (see Exhibit A, attached). Thus, Davis constitutes an exception to the "retroactivity rule" and allows the petitioner to re-litigate his Booker argument in his §2255 proceeding.

### REPLY TO GOVT'S POINT II(A)

#### THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL

The government claims that the petitioner has failed to adequate "set forth sufficient facts in his application to enable the government... to ascertain the exact nature of the complained of conduct by counsel". For this reason, the petitioner will clarify his claim with greater specificity:

(i)  During deliberations, the jury requested: [1] DEA reports of drug seizures; [2] Ruby Waller's testimony; and [3] George Hardison's testimony.

(ii)  The petitioner was not present in court during the review of the jury's note and the petitioner never consented to the waiver of his right to be present.

(iii)  Counsel did not object to the petitioner's absence during the aforementioned proceeding.

(iv)  The Court indicated that it would ask the jury which portions of the testimony of Waller & Hardison that it desired to re-hear, however the Court never did. (Dec 3, 2001, Tr.14-18).

(v)  It is the petitioner's claim that counsel was ineffective for failing to object to his absence from the courtroom during the proceeding related to the review of the jury's note, and for not objecting to the Court's failure to ask the jury to clarify which

-2-

portions of the testimony they wanted to re-hear.

(vi)  Had the petitioner been present in court during review of the jury's inquiry, he would have stressed to both trial counsel and the Court how critical the testimony of Hardison and Waller were to the government's case.  It is noted that co-counsel [Mr. Ballarotto] confessed to the Court during review of the jury's note that "we are just not exactly sure how to handle it at the moment". (Dec. 3, 2001, Tr.6). (emphasis added).

Waller's testimony was crucial because she failed to link the petitioner to drug tracfficking. (10/4/01, Tr.64).  Hardison's testimony was crucial because as an alleged accomplice, it is viewed with suspicion. (10/30/01, 10/31/01; 11/1/01; 11/2/01; 11/5/01).

(vii)  The jury was entitled to review the testimony of waller and Hardison or at least given the opportunity to clarify exactly which portions of their testimony that they desired to review. See United States v. Rabb, 453 F2d. 1012 (3d. Cir.1972) and United States v. Zarintash, 736 F2d. 66 (3d. Cir. 1984) (both holding that jury entitled to readback of trial testimony).

Therefore, counsel was ineffective for failing to object to the Court's failure to allow the jury to review all or parts of the testimony of Hardison and Waller, see Everett v. Beard, 290 F3d. 500, 515 (3d. Cir. 2002) (finding counsel ineffective for failing to object to trial Court's erroneous jury instruction) and United States v. Smack, 347 F3d. 533, 540 (3d. Cir. 2003) (counsel ineffective for failing to invite sentencing Court's attention to error which could have yielded a different result).

-3-

(viii)  The petitioner had an absolute right to be present in court during the Court's review of the jury's note. See Rule 43, Federal Rules of Criminal Procedure. In <u>United States v. Neal</u>, 320 F2d. 533 (3d. Cir. 1963), the Third Circuit held that the absence of the defendant from the courtroom when the Court reviewed and responded to an inquiry from the jury during deliberations required reversal. Therefore, given the fact that the petitioner has stated that were he present during review of the jury's note that he would have insisted that the jury be allowed to review the testimony of Hardison & Waller, counsel was ineffectivefor failing to either object to his absence or for failing to request a recess in order to have the petitioner present in court. See <u>Walker v. Lockhart</u>, 807 F2d. 136 (8th Cir. 1998) ( finding counsel ineffective for failure to request a continuance in order to produce a necessary defense witness).

(ix)  The petitioner never argued in his §2255 motion that counsel was ineffective for failure to object to the Court's rulings regarding North Carolina drug seizures.

(x)  Petitioner never argued in his §2255 motion that the jury should have been allowed to review police reports of a defense witness who exercised his Fifth Amendment right not to testify.

(xi)  The petitioner thereby <u>withdraws</u> the claim in his §2255 motion <u>that counsel was ineffective for not objecting to the Court's failure to allow the jury to review DEA reports drug seizures</u>. (<u>See paragraph 12B of §2255 motion</u>).

(xii)  In response to government's argument that the petitioner's ineffective assistance of counsel contentions are meritless, (Govt.'s

-4-

letter br. at part A), the petitioner relies upon paragraphs (i)-(xi) above.

## CONCLUSION

For the reasons stated in reply to Govt.'s Point I, the petitioner request Booker relief based on the "intervening change in the law" doctrine carved out in Davis, supra.  In addition, for the reasons stated in reply to Govt.'s Point II, the petitioner seeks relief based on counsel's ineffectiveness in light of the arguments reflected in paragraphs (vii) & (viii), above.

DATED: JUNE 27, 2005

Respectfully submitted,

*Ronald Mack*
RONALD MACK #23273-050
P.O. BOX 1000
Lewisburg,  PA 17837

## VERIFICATION

Pursuant to 28 USC §1746, I, Ronald Mack hereby declare under penalty of perjury that the foregoing statements above are true and correct.

*Ronald Mack*
RONALD MACK

DATED: JUNE 27, 2005

-5-

of that Report. Thus, Ronald Mack's sentence should be vacated and remand to properly reflect his non-supervisory role in the conspiracy.

## E.  ALL SENTENCING ENHANCEMENTS SHOULD HAVE BEEN DECIDED BY A JURY BY PROOF BEYOND A REASONABLE DOUBT

Pursuant to FRAP 28(i), Ronald Mack specifically adopts that part of Jessie Opher's (02-2222) brief on this issue.  He makes this argument mainly to preserve an issue that seems to increasingly find its way to the Supreme Court and has increasingly resulted in rulings favorable to the defense.

In light of recent Supreme Court decisions and the potential expansion of the Apprendi rule in the pending case of Hitt v. Kansas, No. 01-10864, Ronald Mack seeks to reverse his sentence on the ground that the District Court's application of sentencing enhancements under U.S.S.G. §§ 2B1.1, 3B1.2, and 3C1.2 based on judicially-found facts under a preponderance of the evidence standard rather than being submitted to the jury to be found beyond a reasonable doubt, constituted violations of his Sixth Amendment rights. Recent Supreme Court jurisprudence indicates a trend toward increased respect for a criminal defendant's right to be "sentenced" by a jury of his peers. See Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that the enhancement of a sentence beyond the statutory maximum on the basis of judicially-found "sentencing factors" under a preponderance standard

violates the Fourteenth Amendment). Apprendi imposed on the state courts the same constitutional restriction that the Supreme Court had already applied to federal courts, where it noted that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Jones v. United States, 526 U.S. 227, 243 (1999). The Supreme Court thus far has limited the reach of the Sixth Amendment to situations in which a defendant's sentence is enhanced beyond the statutory maximum on the basis of some enumerated sentencing factor. See Ring v. Arizona, 122 S. Ct. 2428, 2443 (2002) (state felony murder law which permits the death penalty only on the basis of judicially-found "enumerated aggravating factors [which] operate as the functional equivalent of an element of a greater offense" violates the Fourteenth Amendment). However, the distinction is not apparent between the use of a sentencing factor which enhances the defendant's sentence above the statutory maximum, and an enhancement under the federal sentencing guidelines which raises the sentence above the statutory minimum (even an unstated minimum of zero); in both cases, the defendant receives a harsher penalty than the facts as found by the jury permit under the law. The harm inflicted on the

66

defendant is exacerbated further by the fact that the sentencing judge need only find facts pertaining to an enhancement by a preponderance of the evidence, rather than beyond reasonable doubt, in order to substantially increase the length of the defendant's incarceration.

Ronald Mack therefore asks this Court to anticipate the trend of Supreme Court decisions and demand that all facts other than prior convictions which are used to enhance a defendant's sentence, whether above the statutory maximum or not, must under the Fifth and Sixth Amendments be found by a jury beyond a reasonable doubt.

F. THE LIFE SENTENCE HERE VIOLATED THE 8TH AMENDMENT

Largely to preserve this issue, especially in light of the pending Supreme Court's decisions in Lockyear v. Andrade, No. 01-1127, and Ewing v. California, No. 01-6978 (concerning the constitutionality of California's career offender "three strikes and you're out" rule), Ronald Mack seeks to reverse and remand his life sentence on the ground that the life sentence here constitutes cruel and unusual punishment and is forbidden by the Eighth Amendment regardless of the Sentencing Guidelines' recommendations.[35] The imposition of a life sentence is "exceptionally difficult" and

---

[35] This issue was raised only indirectly in Ronald Mack's motion for a downward departure on grounds of future rehabilitation. Concededly, the Supreme Court, at one time at least, found that a state law mandating a life sentence without consideration of individualized sentencing factors was not an affront to the Eighth

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JUN 30 ㄗ 3: 14

# CERTIFICATE OF SERVICE

I,___Ronald Mack_____, hereby certify that I have served a true
and correct copy of the foregoing:
Motion §2255 Traverse

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

UNITES STATES ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET, RM 700
Newark, NJ 07102

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
UNITED STATES POST OFFICE & COURT
FEDERAL SQUARE
NEWARK, NJ 07101

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this ___27___ day of ___June___,

Respectfully Submitted,

*Ronald Mack*
RONALD MACK

REG. NO.__23273-050__

LEGAL MAIL....

United States Penitentiary,
P.O. Box 1000
Lewisburg, PA 17837

HARRISBURG PA 17)

M. JUN 28 2005 HARRIS

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JUN 30 P 2. 45

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
50 WALNUT STREET
NEWARK, NEW JERSEY 07102

LEGAL MAIL....


